## A. P. Porter v. Rush S. Adams.

### Gen. No. 4,871.

1. AGENT—*competency of declarations of.* Where the proof is conflicting as to when the agency of a person representing another actually terminated, evidence of all material and relevant declarations of such person made during the entire period as to which there is evidence tending to show the existence of the agency, should be received.

Action of assumpsit. Appeal from the Circuit Court of Whiteside County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1904. Reversed and remanded. Opinion filed August 24, 1904.

F. E. ANDREWS, for appellant.

C. L. & C. E. SHELDON, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Rush S. Adams owned a farm in North Dakota, subject to mortgages thereon securing sums amounting to $6,500. On July 12, 1902, he conveyed said farm to Jacob Schneider of Whiteside county, Illinois, for $13,000, by a deed wherein Schneider assumed and agreed to pay said mortgages. Schneider paid Adams $300 in cash and he and his wife gave notes amounting to $6,200 for the balance of the consideration, payable to the order of Adams. One of said notes was for $1,000 due March 1, 1903, with interest after that date at the rate of five per cent per annum. Schneider became dissatisfied with his purchase, and employed G. A. Stultz, an attorney, at Sterling, in Whiteside county, to sell the land for him. Stultz had negotiations with A. P. Porter which resulted in Porter's agreeing to pay $1 for a deed of the land. Stultz drew a deed and sent for the parties; they came to his office, and Schneider and his wife signed the deed; Stultz called in C. H. Woodburn, an attorney having an office near by and who was a notary public; Woodburn took the acknowledgment of Schneider and his wife, and then took the deed to his office to attach his seal. When the deed was so signed and orally acknowl-

edged by Schneider and his wife, it contained these words: " That the same are free from all incumbrances, excepting mortgages of record amounting to twelve thousand and seven hundred dollars ($12,700) which the second party assumes and agrees to pay." Before Porter took the deed away on that day Stultz had erased the words " which the second party assumes and agrees to pay." This is an action of assumpsit brought by Adams against Porter to recover the amount due him upon said note for $1,000. Plaintiff claims the words first above quoted were in the deed when it was delivered to Porter, and that thereby Porter became bound to pay said mortgage debts, including said note for $1,000, and that the subsequent erasure of the words whereby Porter assumed such liability was unauthorized, and that Porter is bound as he would be if said words remained in the deed. Porter claims he refused to receive the deed with those words in it; that they were erased by authority of Schneider; that if they were not erased by authority still the deed was not delivered to him till after the erasures were made, and that he never accepted the deed save with those words absent from it, and never bound himself to pay said debts by accepting said deed. Upon a jury trial plaintiff recovered a verdict and a judgment for $1,076.38, and defendant appeals.

As we conclude the cause must be tried again, we shall only state such details of the proof as are necessary to show the ground for reversal. That Schneider made Stultz his agent to dispose of this property was undisputed, though the purpose to be accomplished was perhaps controverted. Schneider and his wife and son gave evidence tending to show that the deed was not only signed and acknowledged while in its original condition, but that it was in that condition delivered to Porter, and they went away, and did not know of the erasure until later. The evidence for defendant was to the effect that after Woodburn had taken the acknowledgment Porter either went with him or followed him when Woodburn went to his office to attach his seal; that Woodburn there read the deed to see what it

meant; that Porter and he there had a conversation, which
the court properly refused to admit; that Woodburn and
Porter then went out into the hall and met Stultz, and
they there had a conversation about the meaning of the
clause first above quoted; that the three then went into
Woodburn's office, and Woodburn hunted up and showed
Stultz some law bearing on the meaning of said clause, and
they had a further conversation; that Stultz then took the
deed back into his own office, found Schneider and his
wife there and told them that Porter would not accept the
deed with the clause in it binding him to pay the mortgages;
that Schneider made replies which Stultz interpreted as
authority to erase those words; that Stultz then carried
the deed back to Woodburn's office, had a further conver-
sation there with Woodburn and Porter, and there erased
the clause in question and then handed the deed to Wood-
burn, and Woodburn handed it to Porter; and that this
deed had not previously been delivered to Porter.  During
the introduction of this proof defendant repeatedly sought
to prove the conversations between Stultz, Woodburn and
Porter, which led up to the erasure of these words, but the
court sustained objections to all such offers of proof.  The
objections appear to have been based upon the ground that
when Schneider and his wife had signed the deed and an-
swered the questions put to them orally by the notary pub-
lic, the transaction was closed and the authority of Stultz
was at an end, and what he thereafter said could not bind
Schneider.  This was incorrect.  Until the deed had been
accepted by Porter the transaction was not completed.
While plaintiff's proof tended to show the deed had been
so delivered before said conversations, defendant's proof
was strong to the contrary.  The court could not decide
this disputed question of fact, and hold that the deed was
delivered before those conversations and that by its delivery
the agency of Stultz was ended, and reject proof based upon
the opposite theory.  On the contrary, there being proof
tending to show that the deed had not been delivered or
accepted, and that said agency had not terminated, defend-

ant had a right to prove all that the agent said and did at that time.   Moreover, Schneider had already given testimony tending to show that, at a later date and after controversy had arisen over said erasure, he considered that Stultz was still his agent in this matter.   The rejected testimony was competent, and vital to the defense, and those rulings require that another trial be granted.

The third instruction requested by defendant was to the effect that if Porter refused to accept the deed as originally drawn, and if thereafter the Schneiders or their agent erased and struck out from the deed the clause requiring Porter to assume and pay the mortgages mentioned, and thereafter offered and tendered the deed in that condition to Porter, and if Porter thereupon accepted the deed in that condition, then plaintiff could not recover.   The court gave the instruction after modifying it by inserting after the word " agent " the words " then and there authorized so to do."   This modification was incorrect.   If defendant's proof is true that the deed had not yet been delivered to Porter, (and such is the state of the proof to which this instruction was addressed,) then there was nothing to indicate to Porter that the agency of Stultz had ceased, or that he who drew the deed and who had it in his possession had not the authority to change it, which he testified Schneider gave him, and which defendant sought and was refused permission to prove Stultz communicated to Woodburn and Porter.   If, now, Stultz had not in fact the authority to change it, which he claimed, yet if Porter refused to receive it till the words placing liability upon him were removed from the deed, and they were so removed by one having apparent but not actual authority, and the deed was then delivered and accepted in that condition, the legal result would not be that Porter would in that event be bound in spite of his refusal so to bind himself.   On the contrary, the legal result would be that as the minds of the parties who intended to contract never met, the deed was a nullity, and Porter assumed no liability.   Under the conditions stated in the instruction as offered, either the deed was

never delivered or it was delivered only in its altered condition, and in either case defendant was not liable to plaintiff, and that was equally true whether Stultz was or was not authorized to make the erasure.

A motion was made in this court for a rule on appellee to send up the original note, that we might by inspection determine whether the court erred in admitting it in evidence without an explanation of certain alleged erasures. That is not the course to pursue to get original papers before this court. The practice in such a case is governed by our rule 15. (109 Ill. App. 667.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*